## 60405. PEAVY FARM SERVICE, INC. v. SMITH.

QUILLIAN, Presiding Judge.

This is an appeal from a grant of a motion for summary judgment.

Plaintiff-appellant Peavy Farm Service, Inc. entered into a written agreement with defendant-appellee Smith for delivery to Peavy of 12,000 bushels of corn by August 31, 1979 for which Peavy would pay Smith a stated price per bushel. The contract has a letterhead with Peavy's name and address in Sylvester, Georgia but the contract was executed for Peavy by Dozier, its facility manager in Camilla, and provided for delivery to Peavy Farm Service, no location specified. Smith operated a farm about 20 miles from Camilla. On July 26, 1979 a fire destroyed part of Peavy's facility in Camilla and arrangements were made with two of its competitors in Camilla to receive any corn which might be delivered until repairs could be made. Smith, who was aware of the fire, on inquiry was advised by an employee of Peavy that his corn would be accepted when delivered. Smith was harvesting his corn and knew that the market price for corn was higher than the contract price. Smith brought a load of corn to Peavy on Saturday afternoon, July 28, and it was weighed and graded. Because Peavy's capacity was filled, Peavy's manager, Dozier, asked Smith to unload the corn at competitor Sowega in Camilla and to return to weigh the empty vehicle. Smith refused to unload the corn at Sowega claiming that unloading at a different place from weighing in and out was not within the terms of the contract. Smith made an agreement by telephone with Sowega to deliver his corn to them at the higher market price. Dozier calculated the liquidated damages provided in the agreement for non-performance by the seller and gave Smith a copy. Smith did not pay the damages and had no further dealings with Peavy. Peavy brought suit against Smith for the liquidated damages based on breach of contract. Smith denied breach and raised the defense that Peavy had breached by refusing to accept delivery of the corn. Both

parties moved for summary judgment which was granted to Smith and denied Peavy. *Held:*

Although the contract appears to require delivery of the corn in Sylvester, the only location of Peavy appearing anywhere in the document, it is undisputed that delivery was to be to Peavy's facility in Camilla. However, the contract is silent and the evidence is disputed as to whether delivery to Peavy required unloading at Peavy's facility or whether Peavy could direct that unloading be at a competitor which Peavy's manager testified was customary in the grain business when capacity is full.

"A usage of trade is any practice or method of dealing having such regularity of observance in a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question. The existence and scope of such a usage are to be proved as facts . . .

"(3) . . . any usage of trade in the vocation or trade in which (the parties) are engaged or of which they are or should be aware give particular meaning to and supplement or qualify terms of an agreement." Code Ann. § 109A-1—205 (Ga. L. 1962, pp. 156, 168).

A genuine issue of material fact having been raised as to where the corn could be unloaded, the trial court erred in granting summary judgment.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 15, 1980 — DECIDED OCTOBER 9, 1980.

*J. D. McClain, Frank C. Vann,* for appellant.
*Ralph C. Smith, Jr.,* for appellee.